### NORTHWESTERN LUMBER CO. v. REMUSAT et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 2038. Decided May 28, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

542. FORECLOSURE—787. Mortgages.
Where holder of second mortgage purchases property at foreclosure sale, and purchase price is more than amount necessary to pay taxes, costs and prior lien, but less than sum sufficient, upon distribution, to satisfy purchaser's claim, sheriff is not entitled to poundage.

Appeal from Common Pleas.

Decree for appellant.

Lawton & Saalfield and D. J. O'Rourke, Toledo, for Lumber Co.
O. S. Brumback, Toledo, for Remusat et.

FULL TEXT.

LLOYD, J.
This action is in this court on appeal by Orville S. Brumback, one of the defendants, from an order and judgment of the Court of Common Pleas overruling a motion whereby he sought to compel the sheriff of Lucas County to pay to him the sum of $39.85 retained by the sheriff as poundage from the proceeds of sale of a lot sold by the sheriff at public sale to satisfy certain liens and judgments thereon.

The purpose of the action was to foreclose and marshal certain alleged liens. The defendant Brumback was found to have a mortgage lien upon the premises in question subordinate only to the mortgage of the defendant, The Ohio Savings Association. At the sale Brumback became the purchaser of the lot on a bid of $3985.00. The sale was duly confirmed by the court and upon payment of the amount so bid the sheriff executed a deed for the premises and delivered it to Brumback. $3945.15 was required to pay the amount of the court costs, taxes and the prior lien of The Ohio Savings Association, leaving $39.85, which the sheriff claimed and retained as poundage. The only question involved is whether the sheriff or Brumback is entitled to this sum. Section 2845, GC., provides that when

"such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claim of such party."

The 39.85 in dispute was a part of the proceeds of the sale over and above the costs, taxes and claim of The Ohio Savings Association but not, after these were paid, an "amount over and above the claim" of Brumback, the amount of his claim being $2389.46, plus interest.

If the sum bid and paid by him had been no more than the amount necessary to pay the taxes, costs and prior lien, we are of the opinion that the sheriff might properly have charged poundage, since the prior lienor was not the purchaser, and Brumback under such circumstances would not be a purchaser "entitled to a part of the proceeds." Had the lot sold for a sum more than sufficient upon distribution to satisfy Brumback's claim, then poundage of course would be properly chargeable on "the amount over and above his claim." We conclude, therefore, that the sheriff should pay to Mr. Brumback the amount so retained by him as poundage.

Decree accordingly.

Richards and Williams, JJ., concur.